UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STUART C. IRBY COMPANY                                                 PLAINTIFF

V.                                         CIVIL ACTION NO. 3:23-CV-3118-KHJ-MTP

HANSEN CONTRACTING, INC., et al.                         DEFENDANTS

ORDER

Before the Court is Plaintiff Stuart C. Irby Company's ("Irby") [9] Motion for Default Judgment. The Court grants the motion.

I.      Background

Irby sells electrical materials, and Hansen Contracting, Inc. ("Hansen") buys those materials. *See* Compl. [1] ¶¶ 6–7. In February 2021, the parties entered an agreement for Hansen to "purchase material from Irby on credit." *Id.* ¶ 11. David Cerutti, then-president of Hansen, personally guaranteed payment of present and future "amounts Hansen owed to Irby." *Id.* ¶¶ 12–13, 25; [1-1] at 3.

Hansen did not fully pay invoices submitted from May 15, 2022, to August 27, 2023. *See* [1] ¶¶ 15–16. Those invoices included the payment's due date and where to find the Terms and Conditions of Sale on Irby's website. *Id.* ¶ 20; [1-2]. Those terms permitted Irby to "collect a 1.5% per month service charge on any Irby invoice not paid by its due date." [1] ¶ 22; [1-1] at 6; [1-4]. Irby brings claims to recover amounts owed under the agreement including "the outstanding principal balance of Hansen's account, accrued service charges, interest, and attorneys' fees

and other costs of collection as a result of Hansen's failure to fully pay Irby" for materials purchased on credit. [1] ¶ 26.

Both Hansen and Cerutti received service of process on December 7, 2023. [5] at 3; [6] at 3. Neither answered the Complaint or otherwise appeared. Irby moved for an Entry of Default, which the Clerk of Court entered on January 4, 2024. Mot. for Entry of Default [7]; Clerk's Entry of Default [8]. Defendants still made no appearance, so Irby moves for default judgment. [9].

II.     Standard

"Pursuant to Federal Rule of Civil Procedure 55, after a defendant's default has been entered for failure to plead or otherwise respond to a complaint within the time required by the Federal Rules, a plaintiff may apply for a default judgment." *DISH Network L.L.C. v. Barrett*, No. 1:16-CV-292, 2016 WL 7240144, at *1 (S.D. Miss. Dec. 14, 2016) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). "After the [C]lerk enters a default, 'the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.'" *Id.* (quoting *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)). "As for the relief sought in a complaint, Federal Rule of Civil Procedure 8(a)(3) provides that '[a] pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief.'" *Plaza Home Mortg., Inc. v. Innovated Holdings, Inc.*, No. 2:21-CV-38, 2023 WL 3145317, at *3 (S.D. Miss. Apr. 3, 2023) (quoting Fed. R. Civ. P. 8(a)(3)). But "[a]

2

default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *Id.* (quoting Fed. R. Civ. P. 54(c)).

III.  Analysis

Irby asserts claims for (1) breach of contract, (2) breach of personal guaranty, and (3) unjust enrichment. [1] ¶¶ 29–44. Because the Complaint invokes diversity jurisdiction, *id.* ¶ 4, the Court applies Mississippi substantive law to determine "whether Plaintiff's well-pled factual allegations, if found to be true, could impose liability upon Defendants." *Plaza Home Mortg., Inc.*, 2023 WL 3145317, at *4.

A.  Breach of Contract

Under Mississippi law, a plaintiff must show two elements to succeed on a breach-of-contract claim: "(1) 'the existence of a valid and binding contract,' and (2) a showing 'that the defendant has broken, or breached it.'" *Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So. 3d 721, 743 (Miss. 2019) (quoting *Maness v. K & A Enters. of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018)).

Irby's Complaint states facts that, taken as true, subject Hansen to liability for breach of contract under Mississippi law. According to the Complaint, "[a] contract existed between Irby and Hansen[.]" [1] ¶ 30; *see also id.* ¶¶ 9–11; [1-1] at 2–6 (reflecting agreement between the parties to buy and sell materials on credit). Irby claims that it sold materials to Hansen on credit and that "Hansen breached th[e] contract by not paying for the [m]aterials." *See* [1] ¶¶ 15, 31; [1-2]; [1-3]. If

true, these facts could impose liability for breach of contract. The Court therefore grants default judgment as to Irby's breach-of-contract claim.[1]

B. Breach of Personal Guaranty

Under the "Personal Guaranty" provision of the Agreement, David Cerutti "unconditionally guarantee[d] to Stuart C. Irby Co. the payment of all existing indebtedness of the Applicant, together with any and all amounts that the Applicant shall at any future time owe to Stuart C. Irby Co. . . ." [1-1] at 3. Irby alleges "Cerutti has not honored the Guaranty." [1] ¶ 36. Cerutti is therefore liable to Irby for "all amounts Hansen owes Irby. . . ." *Id.* ¶ 37; *see also One South, Inc. v. Hollowell*, 963 So. 2d 1156, 1165 (Miss. 2007) (honoring a personal guaranty agreement that made guarantors liable to the extent that the company would be liable). If true, these facts could impose liability on Cerutti for breach of the personal guaranty, so the Court grants default judgment as to that claim.

C. Damages

"[A] default judgment establishes the defendant's liability but not the quantity of damages." *Jodat Express, LLC v. Handford Trucking & Repairs, LLC*, No. 3:22-CV-584, 2024 WL 414146, at *4 (S.D. Miss. Jan. 29, 2024) (quotation omitted). This Court applies state law "to determine the quantity of those damages." *Id.* (quotation omitted). "Generally, a district court may not award damages without

---

[1] Irby also claims unjust enrichment. Because Irby states a claim for breach of contract, the Court need not address the unjust-enrichment claim. *See, e.g., Avakian v. Wilmington Tr., Nat'l Ass'n*, 242 So. 3d 961, 971 (Miss. Ct. App. 2018) ("[Plaintiff] cannot recover damages under an unjust-enrichment claim because there is a contract between the parties[.]").

4

an evidentiary hearing unless 'the amount claimed is a liquidated sum or one capable of mathematical calculation.'" *Cap. One Auto Fin. v. Nabors, Inc.*, No. 4:16-CV-244, 2019 WL 1320429, at *5 (N.D. Miss. Mar. 22, 2019) (quoting *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

Irby requests these damages:

(1) the Principal Amount of $145,238.53;

(2) accrued service charges of 1.5% from December 31, 2022, until August 31, 2023, in the amount of $22,620.97 and additional service charges that will continue to accrue until the Unpaid Principal Amount is fully collected;

(3) pre-judgment interest at a rate of 8% from September 30, 2023, until January 3, 2024, in the amount of $3,023.85 and all interest that subsequently accrues through the date of the judgment;

(4) post-judgment interest under 28 U.S.C. § 1961(a); and

(5) a declaration that Hansen and Mr. Cerutti are liable for Irby's reasonable and necessary attorneys' fees and costs, the amount of which the Court will determine in response to an Irby post-judgment motion under Federal Rule of Civil Procedure 54(d).

Mem. Supp. Mot. [10] at 7.

1. Principal Amount and Service Charges

Irby claims the unpaid principal amount and service charges can be "easily calculated based on the Material Invoices and provided service charge of 1.5% per month." [10] at 4. Irby provides the documents needed to make that calculation. *See* [1-2]; [1-3]. Specifically, Irby submits evidence that Hansen's total unpaid invoices amount to $145,238.53. [10] at 7; *see also* [1-3]; [9-1] ¶ 19. Irby also submits that Hansen owes $22,620.97 in service charges along with "additional service charges that will continue to accrue until the Unpaid Principal Amount is fully collected." [10] at 7; *see also* [1-3]; [9-1] ¶ 20.

5

This evidence supplies "a sufficient basis capable of mathematical calculation to support an award" of $167,859.50 plus additional service charges that will accrue until the principal is paid off. *Grand Biscayne 670, LLC v. 14510 Lemoyne Boulevard, LLC*, No. 1:18-CV-357, 2019 WL 1714477, at *3 (S.D. Miss. Apr. 17, 2019). Thus, "the Court finds [Irby] is entitled to a judgment against [Defendants] for th[at] amount." *Id.*

    2. Pre-Judgment Interest

"Prejudgment interest may be allowed in those cases where the amount due is liquidated when the claim is originally made. . . ." *Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So.2d 1100, 1117 (Miss. 2007). Under Mississippi law, the judge may set the annual interest rate for judgments when the rate is not set out in the contract. *Upchurch*, 964 So.2d at 1119 (finding "that Miss. Code Ann. § 75-17-7 is the applicable statute[]" in a prejudgment interest rate determination); *see also Burnsed Oil Co. Inc. v. Grynberg*, 320 F. App'x 222, 232 (5th Cir.), *as supplemented*, 323 F. App'x 344 (5th Cir. 2009) (finding eight percent prejudgment interest compounded annually from the date of the breach of contract to be appropriate in diversity case applying Mississippi law). "Generally, if prejudgment interest is to be awarded, it dates from the breach of contract." *Est. of Baxter v. Shaw Assocs., Inc.*, 797 So. 2d 396, 403 (Miss. Ct. App. 2001) (citing *Stockett v. Exxon Corp.*, 312 So. 2d 709, 712 (Miss. 1975)).

Because Irby's damages are liquidated, the Court will award prejudgment interest. Irby "seeks interest accrued from the date of Hansen's most recent invoice

on the Account, which was August 27, 2023." [10] at 5. That invoice became due on September 30, 2023. *Id.* [2] Accordingly, the Court grants Irby's request for "pre-judgment interest at eight percent annually" from September 30, 2023, to February 14, 2024, the date of judgment. [10] at 5. The Court awards $4,647.18 in prejudgment interest.[3]

3. Post-Judgment Interest

According to 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment . . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

The weekly average 1-year constant maturity Treasury yield for the week preceding this Order was 4.97%. *See* Board of Governors of the Federal Reserve System, https://www.federalreserve.gov/releases/h15/ [https://perma.cc/GQT6-SAYA]. So the Court grants a post-judgment interest rate of 4.97%.

4. Attorney's Fees

The parties' agreement allows Irby to recover attorney's fees from Hansen. [1-1] at 6. And the Personal Guaranty provision allows Irby to recover "twenty percent

---

[2] Irby notes that "[t]he most accurate method of calculating pre-judgment interest here would require calculation of the amount of accrued interest from the due date of each individual, unpaid Invoice until the date of judgment, using the compounded interest method. However, for the Court's calculation, Irby only seeks interest accrued from the date of Hansen's most recent invoice on the Account, which was August 27, 2023." [10] at 5. For this reason, the Court does not discuss interest that may have accrued for each individual invoice.

[3] Hansen owes $145,238.53 in unpaid principal. At 8%, that equals $11,619.08 a year in interest, or $31.83 a day. $31.83/day times 146 days—the number of days between September 30, 2023, and the date of this Order—equals $4,647.18 in prejudgment interest.

7

(20%) of the account balance as attorney's fees and costs of collection[]" from Cerutti. [1-1] at 3. Therefore, the Court finds that Irby is entitled to reasonable attorney's fees and costs from Hansen or 20% of the account balance from Cerutti.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court GRANTS in part and DENIES in part Irby's [9] Motion for Default Judgment. Specifically, the Court GRANTS default judgment as to Irby's breach-of-contract and breach-of-personal-guaranty claims and DENIES default judgment as to Irby's unjust-enrichment claim. Irby is entitled to damages of $145,238.53 for the unpaid principal; $22,620.97 for service charges, as well as the 1.5% service charge that will accrue monthly until the principal is paid off; $4,647.18 in pre-judgment interest, based on an 8% rate; post-judgment interest at a rate of 4.97%; and reasonable attorney's fees and costs from Hansen or 20% of the account balance for attorney's fees from Cerutti. The Court will issue a final judgment consistent with this Order.

SO ORDERED, this the 23rd day of February, 2024.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE