UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STUART C. IRBY COMPANY                                    PLAINTIFF

V.                                      CIVIL NO. 3:23-CV-3118-KHJ-MTP

HANSEN CONTRACTING, INC., et al.                        DEFENDANTS

ORDER

Before the Court is Plaintiff Stuart C. Irby Company's ("Irby") [13] Motion for Attorneys' Fees and Costs. The Court grants the motion.

I.   Background

This action arises from Defendants Hansen Contracting, Inc.'s ("Hansen") and David Cerutti's ("Cerutti") failure to fully pay invoices for materials they bought on credit from Irby.

This Court entered default judgment for Irby and awarded the following: $145,238.53 for the unpaid principal; $22,620.97 for service charges, as well as the 1.5% service charge that will accrue monthly until the principal is paid off; $4,647.18 in prejudgment interest, based on an 8% rate; post-judgment interest at a rate of 4.97%; and attorneys' fees from Hansen or 20% of the account balance for attorneys' fees from Cerutti. Order [11] at 8; Final J. [12]. Irby now moves to recover its attorneys' fees and costs. [13] at 1–2. Neither Hansen nor Cerutti has responded.

II.     Standard

When "a federal court has jurisdiction based on diversity of citizenship, state law governs the award and reasonableness of attorneys' fees." *Affordable Care, LLC v. JNM Off. Prop., LLC*, No. 1:19-CV-827, 2022 WL 3271092, at *3 (S.D. Miss. Aug. 10, 2022) (citing *Bank of La. v. SunGard Availability Servs., L.P.*, 374 F. App'x 539, 542–43 (5th Cir. 2010)). Under Mississippi law, a contractual provision regarding the award of attorneys' fees must be enforced "when its terms are clear and unambiguous." *Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1113 (Miss. 2007) (quoting *Hamilton v. Hopkins*, 834 So. 2d 695, 700 (Miss. 2003)).

The "controlling factor" for calculating attorneys' fees is "what is reasonable." *Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 521 (Miss. 2007) (quotation omitted). The "most useful starting point for determining the amount of a reasonable fee" is known as the "lodestar" method, which multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Mauck v. Columbus Hotel Co.*, 741 So. 2d 259, 271 (Miss. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "[T]he issue of attorneys' fees must then be appropriately considered in light of Miss. R. Prof. Conduct 1.5(a) and the *McKee* factors." *Tupelo Redevelopment Agency*, 972 So. 2d at 522 (citation omitted).

Rule 1.5(a) factors include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

Miss. R. Prof. Conduct 1.5(a).

> The *McKee* factors are:
>
> the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.

*McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982).

III.   Analysis

Four attorneys and one paralegal from Butler Snow LLP ("Butler Snow") worked on this matter. Gregory Decl. [13-1] ¶¶ 3, 5–9. Irby attached a declaration from one of its primary attorneys on the case confirming the amount of attorneys' fees sought, attesting to their reasonableness, and listing the rates and experience of the individuals who worked on the matter. *See id.* ¶¶ 3–14. Irby also attached copies of invoices describing the tasks Butler Snow performed. [13-2].

Irby requested attorneys' fees of $13,956.58 and costs in the amount of $821.08. [13] at 2. The Court finds that Irby miscalculated the appropriate amount of attorneys' fees. Irby included the $821.08 in costs in its attorneys' fees calculation

3

($13,956.58), even though it separately requested the $821.08 in costs. *See* [13-3]; [13] at 2. As explained below, the Court separates the costs from the attorneys' fees.

Attorney Haley F. Gregory billed 12 hours at an effective rate of $288.10 per hour, resulting in a total of $3,457.20. *See* [13-2]; [13-1] ¶ 3. Attorney Brian C. Kimball billed 20.5 hours at an effective rate of $289.93 per hour, resulting in a total of $5,943.57. *See* [13-2]; [13-1] ¶ 6. Attorney Caroline B. Smith billed 3.7 hours at an effective rate of $253.23 per hour, resulting in a total of $936.95. *See* [13-2]; [13-1] ¶ 7. Attorney Brianna N. Caldwell billed 2.5 hours at an effective rate of $201.85 per hour, resulting in a total of $504.63. *See* [13-2]; [13-1] ¶ 8. Paralegal Cindy Grantham billed 15.5 hours at an effective rate of $176.16 per hour, resulting in a total of $2,730.48. *See* [13-2]; [13-1] ¶ 9.

Based on the hourly rates and invoices submitted by Irby, the Court calculates Butler Snow's total attorneys' fees to be $13,572.83. Butler Snow, however, asserted that two entries by Kimball were billed inadvertently. *See* [13-3]; [13-1] at 3 n.1. Subtracting those inadvertent entries, the Court finds that the lodestar rate equals $13,138.33.

Based on the evidence submitted by Irby, the Court finds these attorneys' fees reasonable under the Rule 1.5(a) and *McKee* factors. The Court finds that it need not adjust the lodestar based on the reasonableness factors. Although this case was relatively simple, it required substantial time and labor from Butler Snow's attorneys, including drafting and filing a complaint, moving for entry of default, and obtaining a default judgment. [13-1] ¶ 11. Butler Snow's billable rates are similar to

those of other lawyers in the region. *See, e.g., Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 1:7-CV-568, 2011 WL 6699447, at *7–12 (S.D. Miss. Dec. 21, 2011) (analyzing lawyers' hourly rates in Mississippi). Butler Snow obtained favorable results for Irby by obtaining a default judgment on its behalf. Finally, Butler Snow is a reputable law firm in the area, and Haley F. Gregory, Brian C. Kimball, Caroline B. Smith, Brianna N. Caldwell, and Cindy Grantham have substantial experience in the legal field. *See* [13-1] ¶¶ 3, 6–9. These factors and others support the reasonableness of Irby's attorneys' fees. The Court therefore awards Irby $13,138.33 in attorneys' fees.

Irby also seeks to recover $821.08 in costs incurred in pursuing this matter. *Id.* ¶ 12. The invoices reflect this amount, *see* [13-2], and the Court finds these expenses reasonable and recoverable under the parties' agreement. The Court therefore also awards Irby $821.08 in costs.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court GRANTS Irby's [13] Motion for Attorneys' Fees and Costs. The Court awards Irby $13,138.33 in attorneys' fees and $821.08 in costs.

SO ORDERED, this 5th day of April, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE